# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO LEON HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KHIN AYE, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00428 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Faustino Leon Hernandez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 26, 2014. He names Khin Aye, MD, and California Correctional Health Care Services as Defendants.

**A.**　**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action took place.

Plaintiff alleges the following.  On January 9, 2013, Plaintiff was seen by CSP Nurse Savage who advised Plaintiff that he would be seen by Defendant Aye for his medical complaints. Defendant Aye then examined Plaintiff and ordered daily medication of Methocarbamol for ten days for muscle spasms that Plaintiff had been experiencing.  At the expiration of ten days on January 19, 2013, Defendant Aye discontinued the medication Amitriptyline which Plaintiff had been receiving

2

morning and evening for chronic pain.  Defendant Aye then prescribed the medication Elavil which Plaintiff had not received before.  Plaintiff inquired whether he could be prescribed different medication.  Plaintiff states he has been on eight different medications and they have not helped him. Plaintiff states Defendant Aye complained to a CDCR employee "that all inmates just complain and want medication to get high and just crybabies plus it's late I got to go home."  Compl. at 5. Plaintiff asked Defendant Aye to look at his left arm.  Plaintiff complained that the pain was so sharp it tingles in his fingers, and gets very cold, numb, and stiff.  He states he advised Defendant Aye that it was difficult to move his arm because of the tightness and muscle contractions, and that it affected his daily activities.  Dr. Aye denied that Plaintiff had serious medical needs and he sent Plaintiff back to his building even though Plaintiff requested an MRI be done.

On January 18, 2013, Plaintiff was again seen by Defendant Aye regarding the x-rays that had been taken.  The x-rays showed Plaintiff had serious osteoarthritis and multiple plates and screws with tiny metallic fragments consistent with gunshot wound trauma.  Defendant Aye stated he could not prescribe additional medication for these symptoms because it is chronic pain that Plaintiff will always have.

On April 5, 2013, Plaintiff was seen for a follow-up on his arm pain.  Plaintiff advised that he was still experiencing sharp pain that affects his daily activities.  Defendant Aye stated Plaintiff was normal and he would not be prescribing different medication.  At that time, Plaintiff was without medication.  Defendant Aye stated that CDCR advised to cut all medication because of budget. Plaintiff states he was suffering severe pain.

Plaintiff states he has a permanent medical classification chrono which states his medical risk is low, with limited duty, and his nursing care acuity is uncomplicated.  He states the chrono states he suffers from "stable chronic uncomplicated chronic disease."  Compl. at 6.  He states he has a "multiple plate and screw fixation of a comminuted open intra-articular distal humeral fracture with an accompanying proximal ulner osteotomy for intra-articular alignment."  Compl. at 6.  He states he has suffered disfigurement and permanent damage to his left arm, muscles, bone and nerves.

Plaintiff alleges he has been denied proper medical care and has suffered neglect by Defendant Aye.  He alleges he California Correctional Health Care Services ("CCHCS") is

3

responsible for the hiring and retention of competent medical staff and for providing prisoners with medical services.  Plaintiff claims CCHCS is liable for the actions of its employees and subordinates, including Defendant Aye.

Plaintiff claims he has suffered ongoing pain and suffering as a result of the actions of Defendant Aye.  He claims Defendants acted despicably, knowingly, willfully, maliciously, and with reckless or callous disregard for Plaintiff's protected rights.  He asks for injunctive relief in the form of proper care and treatment, general damages, and an award of special and punitive damages.

**C.    DISCUSSION**

1.    Eighth Amendment – Deliberate Indifference to Medical Need

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted).  The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotation marks and citation omitted).  Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference.  Id. (citation and quotation marks omitted).  Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.  Id. (citation and quotations omitted).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff's allegations do not support a claim for violation of the Eighth Amendment as to Defendant Aye.  Plaintiff does not dispute that Defendant provided him with medical care.  Plaintiff

4

was routinely treated by Defendant Aye whenever Plaintiff requested medical care. Plaintiff admits that Defendant Aye prescribed him eight different medications but none of the medications provided relief. Defendant Aye concluded that Plaintiff suffered from chronic pain as a result of the injury he had suffered to his arm and the corrective surgeries he had undergone. Defendant Aye concluded that the pain he suffered was chronic and is something Plaintiff would have to deal with and is something that would need to be medically monitored.

The exhibits Plaintiff submits and directs the Court's attention to in his complaint demonstrate that he was consistently treated and prescribed medication. The exhibits show he was prescribed Elavil on January 9, 2013, Ibuprofen and elbow exercises on February 4, 2013, Indomethacin and Methocarbamol on April 5, 2013, a referral to the pain committee on April 24, 2013, and a continuation of Ibuprofen on August 6, 2013. Plaintiff was repeatedly examined and had x-rays taken of the area of his complaints.

Plaintiff fails to allege facts sufficient to show that Dr. Aye knew of and disregarded a substantial risk of harm to Plaintiff's objectively serious medical needs. Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994). Plaintiff's mere disagreement with the course of medical treatment determined to be appropriate by Dr. Aye will not support a claim for relief under section 1983. Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Accordingly, the Court finds that Plaintiff fails to state a claim for violation of the Eighth Amendment.

Plaintiff will be provided an opportunity to file an amended complaint to present a cognizable claim.

2.   Eleventh Amendment Immunity

Plaintiff names the California Correctional Health Care Services as Defendant. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Therefore, the California Correctional Health Care Services is dismissed from this action, with prejudice. E.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737,

740 n.1 (9th Cir. 2012).

### 3. Medical Malpractice – State Law

Plaintiff also alleges that Defendants violated his rights under the California Constitution, statutes and regulations.

Section 1983 does not provide a cause of action for violations of state law.  See Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007); Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001).  Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir.1997). "The district court my decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." United Mine Workers, supra, 383 U.S. at 726.

In this case, the complaint does not present a federal claim for relief.  However, he will be provided an opportunity to amend his complaint.  If Plaintiff amends and presents a cognizable claim, then the Court may exercise supplemental jurisdiction over his state law claims.

Nevertheless, Plaintiff's state law claims do not offer relief. "To establish a medical malpractice claim, the plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach - proximate or legal cause; and (4) damage to plaintiff." Rightley v. Alexander, No. C-94-20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995) (citing to Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (1978)); 6 B. E. Witkin, Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar

6

circumstances." Hutchinson v. United States, 838 F.2d 390, 392-93 (9th Cir. 1988) (internal citations omitted). Here, Plaintiff fails to identify Defendant's legal duty of care, how Defendant breached that duty, the injury suffered by Plaintiff, and the damage caused to Plaintiff.

### D.  CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 11, 2015**          /s/ *Dennis L. Beck*
                                     UNITED STATES MAGISTRATE JUDGE